NILAND v. GEER et al.

(Supreme Court, Appellate Division, Second Department. December 19, 1899.)

1. TRIAL—NONSUIT.
Error cannot be predicated on the refusal of the trial court to grant a nonsuit, where there was evidence tending to establish plaintiff's cause of action.

2. DOGS—NOTICE OF VICIOUS CHARACTER.
In an action to recover damages for injuries to plaintiff's horse, caused by its being bitten by a vicious dog belonging to defendant, notice to defendant's foreman, who had charge of the dog during the owner's absence, of the ferocious character of the dog, is sufficient notice to the owner.

Appeal from trial term, Westchester county.

Action by Martin Niland against Walter Geer and another. From a judgment in favor of plaintiff, and from an order denying a new trial, defendants appeal. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Walter R. Beach, for appellants.
Benjamin Fagan, for respondent.

GOODRICH, P. J. The plaintiff sues to recover for damages to his horse and harness, and for medical care of the horse, after it had been attacked on the highway by a St. Bernard dog belonging to, or harbored by, the defendants. He recovered a verdict, and the defendants appeal from the judgment entered thereon, and from the order denying a motion for a new trial.

Several questions of fact were litigated at the trial,—among them, the following: Whether the dog attacked or bit the plaintiff's horse, or whether the dog was gamboling in the road, and was run over by the said horse and wagon; whether the dog was vicious; whether the defendants, or their foreman, who had charge of the dog during the winter, when the defendants were absent from the place where the dog was kept, had due notice of his vicious character; the cause and amount of the damages to the horse; his former value and his value after the occurrence; the loss of his use by the plaintiff, resulting

from the injuries received by him, and the value of such use. On each of these questions there was more or less conflict of evidence, and the court fairly submitted them to the jury. The defendants excepted to a refusal of nonsuit at the close of the plaintiff's case. Under the testimony referred to, how can error be predicated on such a refusal? In such an action the plaintiff is bound to establish to the satisfaction of the jury the occurrence of the attack as alleged, the resultant damages, the vicious character of the dog, and actual or constructive notice of such character to the owner or his agent in charge of the dog. On all these questions there was evidence sufficient to justify the verdict.

We have examined all of the defendants' exceptions, and find none of a tenable character. The only one seeming to require consideration relates to the instruction that notice to the foreman in charge of the dog during the absence of the family was sufficient notice to the owners. This, we think, is in accord with the decision in Brice v. Bauer, 108 N. Y. 428, 15 N. E. 695. The judgment and order should be affirmed.

Judgment and order affirmed, with costs. All concur.